UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEONARD J. SAMIA                                                                                          PLAINTIFF

v.                                                                              Civil Action No. 1:09cv803LG-RHW

BRENTSTONE PARTNERS, L.P.                                                                       DEFENDANT

### AGREED ORDER

This cause came on for hearing on Brentstone Partners, L.P.'s Motion for Summary Judgment, and the Court having considered the Motion, noting the parties' agreement to entry of this Order, and being otherwise advised in the premises, finds as follows:

1. Paragraph 20. B. of the subject "Agreement For Purchase And Sale Of Brentstone Apartments" provides that the Buyer (Defendant, Leonard J. Samia) had two possible remedies in the event of a breach by the Seller (Plaintiff Brentstone Partners, L.P.), either: 1) terminate the Agreement and receive from the Escrow Agent the full amount of the Earnest Money ($50,000), or 2) enforce the provisions of the Agreement by an action for specific performance.

2. Samia has elected not to pursue specific performance. Accordingly, Samia's only other remedy for Brentstone's alleged simple breach of contract is to receive a return of the $50,000 earnest money deposit.

3. The $50,000 earnest money deposit was deposited into the registry of this Court by the escrow agent immediately after the filing of this action and the escrow agent was dismissed as a party hereto.

4.      Because both Samia's remedy for simple breach of contract as alleged herein on the part of Brentstone, as well as Brentstone's remedy for simple breach of contract as alleged in its counterclaim against Samia are confined to an award of the $50,000 earnest money deposit, this Court lacks subject matter jurisdiction pursuant to, which provides for a $75,000 amount in controversy.

IT IS THEREFORE ORDERED:

1.      Both Samia's remedy for simple breach of contract and Brentstone's remedy for simple breach of contract are confined to an award of the $50,000 earnest money deposit.

2.      This case is hereby dismissed without prejudice based on this Court's lack of subject matter jurisdiction under 28 U.S.C. § 1332.

3.      This Order is not intended to be nor shall it be construed as a finding on the merits that either party breached a contractual or other duty owed to the other, nor shall it be construed as an admission of liability on the part of either party.

4.      The Court Clerk is ordered to return the earnest money of $50,000 forthwith to Brunini, Grantham, Grower and Hewes, PLLC the escrow agent set forth in the Contract.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2010.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge

**APPROVED FOR ENTRY:**

BRENTSTONE PARTNERS, L.P.

By:   /s/ Sheldon G. Alston
        One of Its Attorneys

SHELDON G. ALSTON (MB# 9784)
BRUNINI, GRANTHAM, GROWER & HEWES PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:   (601) 960-6902


LEONARD J. SAMIA

By:        /s/ Joshua J. Wiener
          One of His Attorneys

Joshua J. Wiener, MB # 7185
Paul Murphy, MB # 101396
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 6010
Ridgeland, MS 39158-6010

1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Telephone: 601.948.5711
Facsimile: 601.985.4500